Battle, J.
Upon the testimony, supposing it to be true, the counsel admitted on the trial, that the deceased was killed by the prisoner; but contended that it was not a case of murder, but of manslaughter only. The jury, under the charge of the presiding Judge, having found him guilty of murder, his. counsel excepts to the charge as erroneous in several particulars, and insists that he is, therefore, entitled to a venire de novo.
In considering those exceptions, it is proper to remark, that “ the language of a Judge in his charge to the jury, is to be read with reference to the evidence, and the points disputed on the trial; and of course is to be construed with the context.” State v. Tilley, 3 Ire, 424. It is also to be borne in mind, that counsel have no right to require an instruction upon a hypothetical state of facts, not supported by the testimony; and if the Judge express an opinion “upon a mere abstract proposition, and it is apparent upon the whole case, that it could not have misled the jury,” it is not erroneous. State v. Benton, 2 Dev. and Bat. Rep. 196 ; State v. Collins, 8 Ire. Rep. 407 ; Hice v. Woodard, 12 Ire. Rep. 293. The Judge commenced his charge in the present case, by stating a series of propositions, among which are those to -which the prisoner excepts. Without noticing any others than those which the counsel deem objectionable, we are of opinion that they were merely abstract, having no connection with any state of facts proved on the trial. This very clearly appears from the application which the Judge himself made of the “ principles” which he had before declared. In such applica *256 tion, lie stated the law as favorable to tlie prisoner as the latter had any right to require ; and ins so- doing, corrected whatever error he may have previously committed. It is unnecessary to comment upon the facts in detail- The homicide being admitted, we may "say, as this Court said in State v. Hoover, 4 Dev. and Bat. Rep. 365, that we are- “ at a loss- to comprehend how it could have been submitted to the jury, that they might find an extenuation from provocation. There is no opening for such a hypothesis.” The only act of the deceased, that can be held to have been a provocation, was tlie imputed neglect to feed his master’s- horse. His flight, while- his master was beating him with a deadly weapon, and declaring-that he intended to kill him, cannot be deemed such. State v. Will, 1 Dev. and Bat. Rep. at p. 165. The prisoner then had a right to chastise the deceased for the only offense- of which there is the slightest testimony that he was guilty. Can the prisoner take shelter under thart right,, for what he actually did? We adopt for our answer,,with a slight variation, other language- of tlie Court, in tlie same case of the State v. Hoover, “ that nothing eouldi palliate-- such a course of conduct. Punishment, thus immoderate and unreasonable in. the measure, tlie continuance, and tlie instruments, loses all character of correction in fm'O domestico, and denotes plainly, that the prisoner must have- contemplated the fatal termination, which was the natural consequence of such barbarous cruelties.” -
Our conclusion then is, that there is no view which could have-been ta-lcen by the jury, of the facts set out inthe-prisoner’s bill of exceptions, that would mitigate the- admitted, homicide from» murder to manslaughter.. The consequence- isy that the judgment cannot be reversed; and there-being: no-error assigned. or seen, for its arrest,, a certificate- to that effect must bo sent toitlio Superior Court, to the-end; that the sentence of the law. may be-pronounced upon, the prisoner.
Per Curiam.
Judgment affirmed.